UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANTI NAKIA GREENE, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. CV 18-03364-JEM <br><br> MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On April 22, 2018, Chanti Nakia Greene ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on September 5, 2018. (Dkt. 19.) On December 17, 2018, the parties filed a Joint Stipulation ("JS"). (Dkt. 24.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 44 year-old male who applied for Supplemental Security Income benefits on February 10, 2014, alleging disability beginning August 1, 2013. (AR 21.) Since there is a period of more than 12 months when Plaintiff did not perform substantial gainful activity, a decision cannot be made based solely on Plaintiff's work activity. (AR 24.)

Plaintiff's claim was denied initially on July 31, 2014, and on reconsideration on November 20, 2014. (AR 21.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Debra J. Denney on June 14, 2016, in Denver, Colorado. (AR 21.) Although informed of his right to representation, Plaintiff chose to appear and testify without the assistance of an attorney or other representative. (AR 21.) Vocational expert ("VE") Robin Cook also appeared and testified at the hearing. (AR 21.)

The ALJ issued an unfavorable decision on August 24, 2016. (AR 21-31.) The Appeals Council denied review on June 21, 2017. (AR 8-10.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ erred in evaluating physician opinions.
2. Whether the ALJ erred in evaluating the Plaintiff's symptoms and testimony.
3. Whether the ALJ erred in determining Plaintiff's residual functional capacity.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that, because there is a period of more than 12 months when Plaintiff did not perform substantial gainful activity, a decision cannot be made based solely on Plaintiff's work activity. (AR 24-25.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: status post hip and foot/ankle, open reduction internal fixation; injuries sustained in motor vehicle accident; intracranial injury; degenerative joint disease; and depression with psychiatric psychotic features. (AR 25.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 25.)

The ALJ then found that Plaintiff had the RFC to perform a limited range of light exertional work as defined in 20 CFR § 416.967(b) and SSR 83-10, with the following limitations:

> Claimant can lift 20 pounds occasionally or 10 pounds frequently. He can sit 6 hours and he can stand or walk 6 hours in an 8-hour workday. He can push and pull to the extent of his lifting and carrying capacity. Claimant can occasionally climb ramps or stairs with a handrail, but he can never climb ladders, ropes, or scaffolds. At times, Claimant will need to use a crutch or walker. Claimant should not kneel, crouch, or crawl. Claimant can perform unskilled work. He can interact appropriately with supervisors, co-workers, and the public on an occasional basis. He can accept constructive criticism from supervisors and ask for help. He can sustain a normal work routine, pace, and attendance.

(AR 25-29.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not fully consistent" with objective and other evidence in the record and are not likely to reduce his work capacity to the extent he asserts. (AR 29.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 29-30.) The ALJ, however, also found at step five that, considering Claimant's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of semi-conductor bonder, taper circuit layout, and laminator. (AR 30-31.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 31.)

///
///
///

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted Plaintiff's subjective symptom allegations. The ALJ's RFC is supported by substantial evidence.

**I.    THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff contends that the ALJ erred in rejecting the opinion of disability of the consulting examiner as well as failing to discuss other medical evidence. The Court disagrees.

**A.    The ALJ Properly Considered The Medical and Other Evidence**

1.    <u>Relevant Federal Law</u>

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). <u>See</u> 20 C.F.R. §§ 404.1527, 416.927; <u>see also</u> <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

2. Analysis

In 2013, Plaintiff was in a motor vehicle accident that was an apparent suicide attempt that resulted in a traumatic brain injury. (AR 26.) The ALJ found that Plaintiff has an intracranial injury and depression with psychiatric psychotic features. (AR 25.) Nonetheless, he began working as a bus driver in October 2015. (AR 24, 27, 51.) He seeks Supplemental Security Income benefits from the date of his application in February 2014 through October 2015 when he began working as a bus driver. (JS 2).

The ALJ found that Plaintiff has the RFC to perform a limited range of light extertional work. (AR 25.) The ALJ concluded that Claimant can perform unskilled work, interact appropriately with supervisors, co-workers, and the public on an occasional basis, accept

constructive criticism from supervisors, and ask for help. (AR 25.) The ALJ also determined that Plaintiff can sustain a normal work routine, pace, and attendance. (AR 25.) With these RFC limitations, the ALJ found that Plaintiff would be able to perform the unskilled jobs of semi-conductor bonder, taper circuit layout, and laminator. (AR 30-31.)

Plaintiff contends that the ALJ erred in rejecting the June 18, 2014 opinion of the consulting psychologist Amber Ruddock, Ph.D. (AR 26-27, 1060-65.) Her opinion represents a disabling level of mental functioning. (AR 26.) Dr. Ruddock stated that Plaintiff endorsed auditory hallucinations. (AR 1062.) She diagnosed major depressive disorder, severe, with psychotic features. (AR 1064.) She assessed the following mental limitations: (1) able to understand, remember, and carry out short, simplistic instructions with moderate difficulty, (2) marked difficulty to understand, remember, and carry out detailed and complex instructions, (3) moderate difficulty in making simplistic work-related decisions without special supervision, (4) moderate difficulty to comply with job rules such as safety and attendance, (5) moderate difficulty to respond to changes in the workplace setting and (6) marked difficulty to maintain persistence and pace in a normal workplace setting. (AR 26, 1064.) Dr. Ruddock also noted Plaintiff would have moderate difficulty in interacting with supervisors, co-workers, and peers on a consistent basis. (AR 26, 1064.)

The ALJ gave "less weight" to Dr. Ruddock's opinion because it is "not well supported by her examination findings" and "inconsistent with other evidence in the record." (AR 26.) An ALJ may reject a treating physician's opinion that does not have supportive evidence, is contradicted by other assessments, is unsupported by the record as a whole, and is unsupported by or inconsistent with his or her treatment notes. Batson v. Comm'r, 359 F.3d 1190, 1195 and n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216.

Here, the ALJ found Dr. Ruddock's opinion inconsistent with the Claimant's report to her that he was living in Van Nuys with a friend, watches television and uses the computer, did not need any assistance with his activities of daily living, uses public transportation, and is able to manage his own finances. (AR 26-27, 1062, 1064.) Claimant indicated he could prepare simple meals, wash clothes, wash dishes, and go shopping. (AR 29.) The ALJ also found that

8

Dr. Ruddock's opinion is inconsistent with Claimant's recent work as a bus driver, which involves working with others and maintaining concentration, persistence, and pace. (AR 27.) The ALJ found that Plaintiff's work as a bus driver indicates he has a greater capacity for work than he has asserted to the SSA. (AR 29.) The ALJ regarded the above activities as inconsistent with Dr. Ruddock's disability opinion. An ALJ may reject a physician's opinion that is contradicted by a claimant's observed or admitted abilities or other evidence that indicates his or her symptoms are not as severe as alleged. Bayliss, 427 F.3d at 1216. Dr. Ruddock further noted that Claimant reported a history of interpersonal difficulties but was socially appropriate with her. (AR 1064.) An ALJ may discount a plaintiff's subjective symptoms for inconsistencies between a claimant's testimony and his other statements and conduct. Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997); Thomas, 278 F.3d at 958-59. The ALJ also found that Plaintiff was stable on his medications with no side effects. (AR 29, 1089.) Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm'r, 439 F.3d 1001, 1006 (9th Cir. 2006). More generally, as discussed below, the ALJ discounted Plaintiff's subjective symptom allegations as "not fully" consistent with objective and other evidence in the record. (AR 29.) A treating physician's opinion based on subjective complaints of a claimant whose credibility has been discounted can be properly disregarded. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

     In finding that Dr. Ruddock's opinion was inconsistent with other evidence in the record, the ALJ also relied on the opinions of State reviewing physicians Dr. Preston Davis and Dr. R. E. Brooks. (AR 27-28.) The contradictory opinions of other physicians provide specific legitimate reasons for rejecting a physician's opinion. Tonapetyan, 242 F.3d at 1149. Dr. Davis on July 29, 2014, noted that Dr. Ruddock reported Claimant had used public transportation to see her, was independent in his activities of daily living, and used a computer, was able to handle his money accounts, did not display psychotic signs during the examination, was able to pay attention, and was not diagnosed with any cognitive disorder. (AR 27.) Dr. Davis opined that Plaintiff could carry out simple instructions, could sustain concentration, persistence, and pace for two hour blocks of time, and could interact with supervisors. (AR 27.)

Dr. Davis opined Plaintiff could perform work tasks that involve little general public or co-worker contact. (AR 27.) Dr. Brooks endorsed these limitations through November 2014. (AR 28.) The ALJ adopted these mental limitations in his RFC. (AR 25.)

Plaintiff challenges the ALJ's rejection of Dr. Ruddock's opinion on several grounds. First, Plaintiff suggests that the opinions of Dr. Davis and Dr. Brooks as non-examining physicians cannot by themselves constitute substantial evidence for rejecting the opinion of an examining physician like Dr. Ruddock. Yet, as already noted, a non-examining physician opinion may serve as substantial evidence when it is consistent with and supported by other independent evidence. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600. Here, the opinions of Dr. Davis and Dr. Brooks are consistent with other independent evidence, including his independent daily activities, being stable on medications, working as a bus driver, and other statements and conduct summarized above. Their RFC assessments also are consistent with the ALJ's discounting of Plaintiff's subjective symptom allegations.

Second, Plaintiff repeatedly asserts that the ALJ rejected the opinion of Dr. Ruddock in favor of the non-examining opinions of Dr. Davis and Dr. Brooks. As noted above, however, the ALJ rejected Dr. Ruddock's opinion for other independent reasons, in particular because it was not supported by her examination findings and it is inconsistent with other evidence in the record such as Plaintiff's independent activities, medication relief, ability to manage finances, and working as a bus driver. Batson, 359 F.3d at 1195 & n.3; Bayliss, 427 F.3d at 1216.

Third, Plaintiff complains that Dr. Davis and Dr. Brooks did not review the entire record applicable to the alleged closed end period of February 2014 through October 2015. Dr. Davis's opinion was issued on July 29, 2014 (AR 27), and Dr. Brooks on November 14, 2014. (AR 28.) Yet many of the activities that contradict Dr. Ruddock's opinion occurred during the alleged closed end period. The ALJ obviously viewed Plaintiff's work as a bus driver starting in October 2015 as evidence that he would be able to work before October 15, 2015.[1]

---

[1] This is consistent with the rule in another context that evidence dated after the date of an ALJ decision must be considered if it relates to the claimant's medical status during the relevant period at issue. Hess v. Colvin, 2013 WL 5934313, at *7 (E.D. Wash. Nov. 5, 2013).

(AR 29.) Plaintiff asserts that his return to work is not a sufficient reason to reject Dr. Ruddock's opinion (JS 15) but does not explain why. Interestingly, Dr. Ruddock's opinion is dated June 18, 2014. (AR 26.) She did not review the entire record either and did not know that Plaintiff began working as a bus driver in October 2015. Plaintiff seeks to rely on Dr. Ruddock's opinion for the alleged closed end period while disregarding other subsequent evidence such as the opinions of Dr. Davis and Dr. Brooks.

Fourth, Plaintiff contends that the ALJ erred in rejecting the opinions of other medical professionals that are consistent with Dr. Ruddock's opinions. These opinions, however, were properly rejected because the opinions were not from acceptable medical sources and were inconsistent with other evidence, including the opinions of Dr. Davis and Dr. Brooks and Claimant working as a bus driver. (AR 29.) Other opinions cited by Plaintiff were from 2013 and January 2014 before the alleged closed end period or covered periods of less than 12 months. Most importantly, these other opinions do not provide functional limitations or assess an RFC for Plaintiff. Specifically, Plaintiff contends that the opinions of Dr. Corsello, Dr. Chandler, Dr. Hollenberg, and Dr. Ghadimi are consistent with the opinion of Dr. Ruddock, but these and other treatment records do not provide mental limitations on Plaintiff's ability to work. Dr. Corsello diagnosed major depression in January 2014 but did not assess any mental RFC limitations. (AR 752-754.) She also noted that Plaintiff's attention and concentration were adequate for the interview and that his judgment for daily activities and social situations appears adequate. (AR 753.) Dr. Chandler in September 2014 does not assess RFC limitations. (AR 1129-1131.) The same is true of Dr. Hollenberg (AR 1124-25) and Dr. Ghadimi (AR 1093-1102). The ALJ, moreover, specifically rejected the opinions of a physician's assistant and a nurse practitioner as not acceptable medical sources whose opinions were inconsistent with other evidence in the record and in the latter case no specific limitations were assessed. An ALJ does not need to discuss every piece of evidence, only evidence that is significant and probative. Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). Any error in not discussing these medical sources is harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the

ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006); Carmichael v. Comm'r Soc. Sec. Adm., 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless where it would not change the outcome of the disability determination).

Plaintiff disputes the ALJ's rejection of Dr. Ruddock's opinion, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected the opinion of Dr. Ruddock for specific, legitimate reasons supported by substantial evidence. The ALJ properly considered the medical evidence.

**B.     The ALJ Properly Discounted Plaintiff's Subjective Symptom Allegations**

Plaintiff contends that the ALJ erred in discounting his subjective symptoms. The Court disagrees.

### 1.     Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what

testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

2. Analysis

In determining Plaintiff's RFC, the ALJ found that his statements regarding the intensity, persistence, and limiting effects of his symptoms were "not fully consistent" with objective evidence in the record and not likely to reduce his work capacity to the extent he asserts. (AR 29.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing evidence supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti, 533 F.3d at 1039-40. The ALJ did so.

First, the ALJ found that there was a lack of objective medical evidence to support limitations greater than the ALJ's RFC. (AR 29, 26, 28.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). The ALJ found that Claimant's asserted limitations are not supported by the medical opinions given greatest weight. (AR 29.) As already discussed above, the ALJ rejected the opinion of Dr. Ruddock and credited the opinions of Dr. Davis and Dr. Brooks.

Second, Plaintiff obtained effective relief with medication. The ALJ found that Plaintiff was stable on his medications with no side effects. (AR 29, 273,1089.) Impairments that can be controlled with medication are not disabling. Warre, 439 F.3d at 1006.

Third, Plaintiff has made inconsistent statements. An ALJ can consider inconsistencies in testimony and inconsistencies between testimony and conduct. Light, 119 F.3d at 792. Here, Plaintiff states that he does not take his medication when at his job because the medication makes him drowsy, which is inconsistent with his other statements that he did not have side effects from his medication. (AR 29.) Also, as noted above, Dr. Ruddock observed that Claimant related a history of interpersonal difficulties but was socially appropriate with her. (AR 1064.) Most importantly, the ALJ noted that Plaintiff's recent work as a bus driver involves

working with others and reflects the ability to maintain persistence and pace within a work schedule. (AR 27.)

Fourth, the ALJ determined that Plaintiff's daily activities were inconsistent with disabling limitations, which is a legitimate consideration in evaluating credibility. <u>Bunnell</u>, 947 F.2d at 345-46. As already noted, Plaintiff was independent with his activities of daily living and needed no assistance with those activities. (AR 26, 27.) He lives with a friend, watches television, uses the computer, uses public transportation to get around, and is able to handle financial transactions without any difficulty. (AR 26-27.) The ALJ in particular found that Plaintiff's recent activity as a bus driver was inconsistent with his subjective symptom allegations. (AR 27, 28, 29.)

Plaintiff disagrees with the ALJ's interpretation of the record, but again it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. <u>Andrews</u>, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. <u>Rollins</u>, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

### C. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff contends that the ALJ's light work RFC is not consistent with the more restrictive functional assessments of Dr. Ruddock or the records and opinions of Plaintiff's treating and examining physicians. The ALJ, however, rejected the opinion of Dr. Ruddock and found that the records and opinions of other sources were not from acceptable medical sources, did not provide functional limitations and/or were inconsistent with Plaintiff's conduct and statements. The ALJ properly gave weight to the opinions of Dr. Davis and Dr. Brooks in regard to Plaintiff's mental RFC, and to Dr. Greene and Dr. Harris as to Plaintiff's physical RFC. (AR 28.) Plaintiff suggests that the ALJ's RFC does not reflect Plaintiff's subjective symptoms, but the ALJ properly considered and discounted Plaintiff's subjective symptom allegations, as discussed above.

The ALJ's RFC is supported by substantial evidence.

\* \* \*

The ALJ's nondisability opinion is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: June 27, 2019

          */s/ John E. McDermott*
          JOHN E. MCDERMOTT
          UNITED STATES MAGISTRATE JUDGE